**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**UNITED STATES OF AMERICA,**

*Plaintiff,*

*v.*                                                                      CAUSE NO. 3:20-CR-00031-CWR-LGI-1

**TED BRENT ALEXANDER,**

*Defendant.*

## ORDER

Before the Court are the defendant Ted Brent Alexander's motions *in limine*. Dockets

No. 51, 52, and 53. The matters are fully briefed and ready for adjudication.

This case concerns Alexander's involvement in the Alexander Seawright Timber

Fund. On February 25, 2022, a Grand Jury returned an indictment against Alexander for three

counts: conspiracy to commit securities and commodities fraud and wire fraud under 18

U.S.C. § 1349; securities and commodities fraud under *id.* § 1348; and wire fraud under *id.* §

1343. On August 2, 2022, a Grand Jury returned a superseding indictment, which contained

one count of conspiracy to commit wire fraud, *id.* §§ 1342 and 1349, and seven counts of wire

fraud, *id.* §§ 1342 and 1343. The matter is scheduled for trial on March 21, 2023.

Alexander first urges the Court to exclude expert testimony. He contends that expert

testimony is required regarding the charge that he "promised" to "'inspect' the properties

underlying the loans to Lamar Adams/Madison Timber" and then failed to so do. Docket

No. 51 at 3. Opining on the meaning of the word "inspect" in this context, Alexander argues,

constitutes expert testimony, as it touches on the "standard of care or duties imposed upon persons involved in investment transactions." *Id.* Accordingly, it "may violate FRE 701." *Id.* at 4; *see also* FED R. EVID. 701(c) (prohibiting a lay witness from offering testimony "based on scientific, technical or other specialized knowledge within the scope of Rule 702" of the Federal Rules of Evidence). Alexander therefore requests "a blanket order prohibiting such testimony." *Id.*

The Government contests this account. It emphasizes that it "has not designated expert witnesses to give opinion testimony" and "will not call any experts in its case in chief." Docket No. 62 at 1. "[T]h meaning of the word 'inspect,'" the Government stresses, requires "no expert testimony." *Id.* at 2. "The question" in this case is "what impact did the language have on the victims who were persuaded to invest" in the timber scheme. Docket No. 3.

The Government's points are well-taken. Testimony regarding the meaning of the word "inspect" does not require specialized knowledge. Hence, Alexander's motion to exclude such testimony is denied.

Next, Alexander seeks exclusion of victim impact statements. Docket No. 52. Arguing that "victim impact has nothing to do with proving the elements of" the crimes charged, Alexander concludes that such statements are "irrelevant under Rule 401 and inadmissible under Rule 402." *Id.* at 3 (referencing Rules 401 and 402 of the Federal Rules of Evidence). He also urges that victim impact statements would be unduly prejudicial. *Id.* (citing *United States v. Norman*, 638 F. App'x 934, 939 (11th Cir. 2016)).

Here, too, the Government disagrees. The Government argues that the victim impact statements are relevant to demonstrate "the materiality of the false statements made by Alexander" and to "rebut any claims by Alexander that his victims are 'sophisticated

investors.'" Docket No. 63 at 1. Rather than categorically exclude the victim statements from trial, the Government submits that "[t]he Court can and should rule on such objections at trial." *Id.*

The Court agrees with the Government. Issuing a blanket prohibition on the introduction of victim statements at trial would be premature at this juncture. Alexander may raise objections to particular victim statements at trial, at which point, the Court can consider the proffered statements in context. Alexander's motion is therefore also denied.

Finally, Alexander seeks to exclude evidence of Alexander's suspension by the Commodities and Futures Trading Commission (CFTC). He argues that this evidence "is irrelevant under Rule 401 [of the Federal Rules of Evidence] and inadmissible under Rule 402." Docket No. 53 at 3. In the alternative, he submits that the evidence is unduly prejudicial under Rule 403 of the Federal Rules of Evidence. *Id.* In response, the Government represents that it "will not seek to introduce evidence of regulatory actions by the Commodities and Futures Trading Commission resulting from Alexander's indictment in the present case." Docket No. 64. The Court takes the Government at its word on this matter. Accordingly, this motion is dismissed as moot.

In sum, Alexander's motion to exclude expert testimony, Docket No. 51, and motion to exclude victim impact testimony, Docket No. 52, are DENIED, and his motion to exclude evidence concerning regulatory action, Docket No. 53, is dismissed as MOOT.

**SO ORDERED**, this the 21st day of November, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE