**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | |
| *Plaintiff*, | |
| *v.* | CAUSE NO.: 3:20-CR-31-CWR-LGI-1 |
| **TED BRENT ALEXANDER**, | |
| *Defendant*. | |

## ORDER

Before the Court is the United States' *Omnibus Motion in Limine*, Docket No. 54, and its *Motion to Preclude Defendant Alexander's Proposed Expert Testimony*. Docket No. 55. These matters are fully briefed and ready for adjudication.

This case concerns Alexander's involvement in the Alexander Seawright Timber Fund, an investment vehicle which in turn invested in a Ponzi scheme. On February 25, 2020, a Grand Jury in the Southern District of Mississippi returned an indictment against Alexander on three counts: conspiracy to commit securities and commodities fraud and wire fraud under 18 U.S.C. § 1349; securities and commodities fraud under 18 U.S.C. § 1348; and wire fraud under 18 U.S.C. § 1343. On August 2, 2022, the Grand Jury returned a superseding indictment, which contained one count of conspiracy to commit wire fraud, 18 U.S.C. §§ 1342 and 1349, and seven counts of wire fraud, 18 U.S.C. §§ 1342 and 1343. The matter is scheduled for trial on March 21, 2023.

In its *Omnibus Motion*, the Government asks the Court to "preclude[] [the Defendant] from mentioning, eliciting from any witness, or attempting to elicit from any witness," information relating to:

(1) "[t]he presence or absence of any particular person on the Government's witness list, or the Government's plan to call or not call a particular witness";

(2) "[t]he use of interview reports prepared by law enforcement to impeach Government witnesses or otherwise improper use of FBI 302 Reports";

(3) "[a]ny out-of-court statement[] made by the Defendant or any other person if offered to prove the truth of the matter asserted";

(4) "[d]isputes over discovery, including the timing of the production of records to the Government by witnesses";

(5) "[a]ny suggestion or accusation that a prosecutor or agent engaged in misconduct";

(6) "[w]hich other persons have, or have not, been charged in this or other cases";

(7) "[a]ny argument that encourages jurors to ignore the law, not follow this Court's instructions, or otherwise violate their oaths as jurors";

(8) "[p]otential punishment or any other consequences that might result from a conviction";

(9)  "[d]efense counsel's personal opinions of, or relationship with, the Defendant";

(10)   Specific instances of prior good acts

(11)   The existence or content of the Government's motions and any order of this Court in response to those motions"; and

(12)   Advice of counsel defense or any claim of an attorney – client relationship between Ted Brent Alexander and Jon Darrell Seawright.

Docket No. 54.

Alexander argues that an Order on these "evidentiary issues" is "premature" and "unnecessary." Docket No. 79. The Court agrees. The parties are aware of the Rules of Evidence and of Criminal Procedure, and will observe those rules. If either party wishes to raise any of these objections during trial, the Court will rule on them at that time.

Next, the Government seeks to preclude the testimony of Alexander's expert, Andrew Favret. Docket No. 55. The Government contends that, given the charges alleged in the superseding indictment, the expert's proposed testimony is "irrelevant, not probative, not properly based on firsthand knowledge, and otherwise unnecessary to aid the jury and unlawfully intends to state an ultimate conclusion." Docket No. 55 at 1. Specifically, the Government asserts that Favret's alleged area of expertise (registered securities) and his focus on the actions of other co-conspirators are not at issue in this case and should thus be barred. *Id*. at 2-3. And to the extent that Favret expects to opine on the "reasonableness" of the Alexander's actions, the Government argues that that is a legal conclusion and should also be barred. *Id*. at 5-6.

Alexander responds that Favret's testimony is relevant to helping the jury understand the materiality and specific intent elements of the fraud claim. Docket No. 78 at 2. That is because Mr. Favret has experience "sifting through whether statements are material to investors," so he would be able to help the jury understand "the nature of investments and the decisions to participate in them." *Id*. at 3-4. Alexander further argues that it is true that an expert may not testify about the reasonableness standard under the Fourth Amendment, but "[t]his case has nothing to do with [that]." *Id*. at 5. Under Fifth Circuit precedent, Mr. Favret should be allowed to testify to whether the loan scheme was "fraudulent." *Id*. at 5-6 (citing *United States v. Aggarwal*, 17 F.3d 737 (5th Cir. 1994)).

The Court has reviewed the arguments of the parties and finds that the Government's objections are well-taken. Mr. Favret's Expert Report reveals that "the bulk of [his] experience" is in the area of securities fraud. But this is not a securities fraud case—that charge was dismissed when the grand jury returned the superseding indictment. When the

securities fraud testimony is removed, what remains of Mr. Favret's Report is statements about the actions of other co-conspirators, a brief, speculation-filled discussion of whether Alexander's representations were material, and opinions about whether Alexander intended to commit wire fraud. Of these remaining statements, only the comments on materiality are potentially relevant under the superseding indictment.[1] But that is insufficient to compel Favret's testimony here because the materiality requirement does not require expert testimony.

Therefore, the Court finds that Mr. Favret's testimony is not likely to "assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. But, as with all *in limine* Orders, "the non-prevailing party may revisit the issue at trial outside the jury's presence." *Smith v. Koch Foods, Inc.*, 3:19-CV-721 (S.D. Miss. Nov. 18, 2022), at 1, n.1.

**SO ORDERED**, this the 21st day of November, 2022.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE

---

[1] Indeed, the actions of the co-conspirators are not relevant and the commentary on Alexander's intent is not permitted under the Federal Rule of Evidence 704(b), which provides that "[i]n a criminal case, an expert witness must not state an opinion about whether the defendant did or did not have a mental state or condition that constitutes an element of the crime charged or of a defense." Based on this rule, experts are not permitted to opine on the mental state of a Defendant if it relates to the mens rea requirement. In other words, Mr. Favret cannot offer an opinion on whether Alexander "[un]knowingly" conspired with others, or did not have the specific intent to defraud, as these are elements to the offense.